JOSÉ A. GONZÁLEZ, Appellant, v. THE REGISTRAR OF PROPERTY OF PONCE, Respondent.

No. 1298.    Submitted July 9, 1953.—Decided August 10, 1953.

*Aníbal Padilla* for appellant. *Federico Enjuto Ferrán, General Registrar of Puerto Rico,* acting on behalf of respondent registrar, appeared by brief.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

On October 25, 1927 the Registrar of Property of Ponce recorded a deed of sale of a property covering certain shares of some of the vendors but denied recordation of the share conveyed by Carmen Gómez Rodríguez "because it had been alienated (*sic*) without the express consent of her husband." No appeal was taken from this decision. After several conveyances of the same property had been executed, it was sold to appellant herein on March 15, 1950. Appellant presented the deed of sale to the Registry of Property of Ponce for registration, and on July 18, 1950 the Registrar issued the following note:

"The sale of the property is hereby recorded with the exception of the share corresponding to Carmen Rodríguez in the lot, as to which recordation is denied and a cautionary notice for one hundred and twenty days is entered at folio 41 of volume 304 of Ponce, property number 4568 duplicate inscription 11. This property has no lien. Ponce, July 18, 1950. Sgd. Miguel Planellas."

No administrative appeal challenging this note was taken either. On January 30, 1952 appellant presented to the Registrar a writing entitled "Petition to the Registrar to Correct Note," in which he stated that from a previous deed of resale presented for registration in the Registry in connection with the same property in 1922, it appeared that Carmen Gómez Rodríguez had acquired her share in the same property by virtue of her right of redemption and that therefore, pur-

suant to § 1299 of the Civil Code,[1] her share was separate property and not community property, and so she had no need to obtain her husband's consent in order to sell her share. He requested the Registrar to correct the aforesaid note and to record the share of Carmen Gómez Rodríguez.

On June 2, 1953 the respondent Registrar returned appellant's petition with the following entry:

"This document is returned as well as the copy of deed number 86 executed on July 31, 1922, before Notary José Tous Soto, which is attached hereto, without making any entry or correction of the refusal note of entries 6 and 7 of volume 304 of Ponce, for the following reasons:

(*a*) The aforesaid 6th entry was made on October 25, 1927, with the curable defect that the name of the husband of Carmen Gómez Rodríguez was not stated, and the 7th entry made on the same date was denied as to the share conveyed by Carmen Rodríguez (Gómez Rodríguez) because it had been conveyed without the express consent of her husband, and a cautionary notice was entered instead for 120 days, and this curable defect as well as the refusal to record was notified to the interested party on January 17, 1928, as shown by the marginal note entered in said deed.

(*b*) That according to the ruling in *Quiñones* v. *Registrar*, 43 P.R.R. 35, an amendment or correction of entries in the Registry of Property may only be made in the appropriate proceeding prescribed by §§ 255 and 256 of the Mortgage Law. Ponce, Puerto Rico, June 2, 1953. The Registrar Sgd. Miguel Planellas."

It is from this note that appellant José A. González has taken the present administrative appeal.

▆▆▆ The record does not disclose that any appeal was taken from the Registrar's notes of October 25, 1927 and of July 18, 1950. Therefore, those notes must be considered as consented because of the lapse of the statutory period of 20 days fixed by § 3 of the Act of March 1, 1902, concerning appeals from decisions of the Registrars of Property. *Sav. and Loan Fund Ass'n* v. *Registrar*, 51 P.R.R. 471; *Porrata* v. *Registrar of Humacao*, 26 P.R.R. 263. We shall not

---

[1] Section 1299 provides, in part, that the separate property of each spouse shall be that acquired by right of redemption.

therefore consider in this appeal the validity of those notes which were not previously challenged. Incidentally, when recordation of a document is denied and the interested party does not appeal, and thereafter presents it again accompanied by the same documents and its registration is likewise denied, in the administrative appeal taken from the latter denial this Court can determine only whether the alleged defect recited by the previous Registrar has been cured. *Catholic Church* v. *Registrar*, 72 P.R.R. 792.

■ With respect to the Registrar's note of June 2, 1953, refusing to correct his previous record notes, against which the present appeal is taken, such an action is not tantamount to a decision refusing or suspending any record, entry or cancellation. Therefore, no administrative appeal lies in this case, since an administrative appeal may be taken only when the Registrars deny or suspend any record, entry of notice or cancellation. *Jiménez* v. *Registrar*, 62 P.R.R. 522. What appellant requested the registrar was to correct his previous entry or note which had not been directly challenged, which is equivalent, in essence, to request him to set aside a certain former record and to enter a new record and hence, the note refusing to make this correction is not appealable. *Jiménez* v. *Registrar*, *supra*. An administrative appeal may be taken from the refusal of the Registrar to record, make an entry or cancel titles presented to the registry, but not against other rulings which may affect the rights of parties and against which the interested parties may invoke other legal remedies. *Banco de Ponce* v. *Registrar*, 58 P.R.R. 605. In the case at bar appellant does not request a record, entry or cancellation, but rather he asked the Registrar "to exercise his quasi judicial discretion by taking some action...as to...legal condition of a property," (*Orta* v. *Registrar*, 60 P.R.R. 768, 770–1) for which an administrative appeal does not lie.

The appeal must be dismissed without prejudice to the rights which the parties may have.